33 N.J. Super. 96 (1954)
109 A.2d 482
ALBERT CASSAN, MADELINE CASSAN, JOAN CASSAN, AN INFANT BY HER GUARDIAN AD LITEM, MADELINE CASSAN, AND JACQUELINE CASSAN, AN INFANT BY HER GUARDIAN AD LITEM, MADELINE CASSAN AND ALBERT CASSAN AND MADELINE CASSAN, INDIVIDUALLY, PLAINTIFFS,
v.
BURTON A. FERN, QUENTIN MONAHAN, ALBERT E. LAING AND COOK, WATKINS & PATCH, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 10, 1954.
*97 Mr. Harold Krieger, attorney for plaintiffs.
Mr. John W. Taylor, attorney for defendants.
COOLAHAN, J.C.C. (temporarily assigned).
This is a civil action in which the plaintiffs assert claims against the named defendants for personal injury and property damage arising out of a collision which occurred on the New Jersey Turnpike on June 7, 1953. The defendant, Burton A. Fern, was a resident of this State at the time of the accident but shortly thereafter became a resident of the State of Connecticut. In July of 1954 summons and complaint were served upon Fern through the Director of the Division of Motor Vehicles. A motion to quash such service was argued before this court.
It is conceded by the plaintiffs that R.S. 39:7-2, the sole statutory provision for substituted service on non-resident motorists, did not authorize its invocation when non-residence did not exist concurrently with the happening of an accident. The Legislature, however, saw fit to correct this unequal situation by its passage of chapter 61 of the Laws of 1954, N.J.S.A. 39:7-2.1, 2.2, which is a supplement to R.S. 39:7-2, and provides as follows:
"1. Any resident of this State who shall drive a motor vehicle, or cause a motor vehicle to be driven, upon any public highway in this State, whether or not such motor vehicle is registered under the laws of this State and whether or not such person or the driver of such motor vehicle is licensed to drive a motor vehicle upon the highways of this State, shall by the operation of such motor vehicle, or by causing the same to be operated, within this State, make and constitute the Director of the Division of Motor Vehicles in the Department of Law and Public Safety his agent for the acceptance of process, in any civil action or proceeding, issuing out of any county district court, County Court or other court of civil jurisdiction of this State against him by reason of an accident or collision in *98 this State in which such motor vehicle, while so driven or caused to be driven, shall be involved if, and in case, such person shall cease to be a resident of this State and service of such process upon him within this State cannot be made by reason of his nonresidence. The operating or causing to be operated of any such motor vehicle within this State shall be his signification of the agreement of such person operating the same or the person for whom such motor vehicle is operated of his agreement that any such process against him which is so served after he becomes a nonresident of this State shall be of the same legal force and validity as if served upon him personally in accordance with law within this State.
2. Service of process shall be made, and notice thereof shall be given, under this act in the same manner and with the same effect, the same fees shall be chargeable and payable, continuance may be ordered and the same records shall be kept, as is provided in the act to which this act is a supplement.
3. This act shall take effect immediately.
Approved and effective June 24, 1954."
It is the contention of the plaintiffs, who began their action following the enactment of chapter 61, that the supplement should be construed retrospectively. Such a construction, however, is not consistent with recognized principles. The settled law of this State demands the prospective construction of a statute unless the language of the Legislature clearly indicates a retroactive intent. In the case of Citizens' Gaslight Co. v. Alden, 44 N.J.L. 648 (E. & A. 1882) the court, at page 653, says:
"Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis on which rights may thereafter under them be rested, and are not usually designed to alter or affect the quality or legal relations of past acts and concluded transactions, much less to disturb rights which have arisen under laws running concurrently with their birth. Hence we do not look for or expect in any enactment that it shall be operative as of time prior to its own existence; and before we are permitted to ascribe to it such purpose, there must be found in the law such clear and indubitable expression of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the Courts is, that retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only. Williamson v. N.J.S.R.R. Co., 29 Stew. Eq. 311."
R.S. 39:7-2 and its supplement, chapter 61, provide for the designation of the Director of the Division of Motor *99 Vehicles as agent for acceptance of process. Prior to a 1936 amendment the right to sue a non-resident motorist was limited to a resident of the State of New Jersey. By virtue of the amendment this privilege was extended to non-resident plaintiffs. In Gender v. Rayburn, 15 N.J. Misc. 704 (Circ. Ct. 1937), affirmed 119 N.J.L. 243 (E. & A. 1937), a non-resident plaintiff obtained service upon a non-resident defendant through the Commissioner of Motor Vehicles in a suit arising out of an accident which occurred in 1935. The opinion reported in 15 N.J. Misc. set aside the service and at page 705 said:
"And so, in the present instance, to hold that the 1936 act may operate retroactively and thus hold that the defendant by operating his automobile in 1935 is now held to have made the commissioner of motor vehicles his agent for the acceptance of process in a suit brought by a nonresident, when in fact at the time he was operating a car, under the statute then existing, he did not designate the commissioner of motor vehicles as such agent, would substantially alter the scope of the agency or the contractual relations originally imposed upon the defendant as of the time of the operation of the automobile."
The Supreme Court of Delaware in the case of Monacelli v. Grimes, 99 A.2d 255 (Sup. Ct. 1953), had occasion to discuss a statute of that State dealing with service of non-resident motorists. At page 267 the court says:
"In the instant case the procedure itself creates a substantial legal right. It creates the right to subject a non-resident to a judgment in personam in a jurisdiction where he has not been personally served. Such a statute involves the fundamental notion of due process of law and hence deals with substantive rights. The essence of the procedure is inseparable from the substance of the right.
As pointed out in Ashley v. Brown, 198 N.C. 369, 151 S.E. 725, 727, such a statute cannot be construed to apply to an accident happening before its passage, since such a construction `would confer upon the plaintiff a legal right where none before existed.'"
A statute must be construed as prospective unless it is made retrospective by its express language or a clear legislative intent. Citizens' Gaslight Co. v. Alden, supra; Frelinghuysen v. Town of Morristown, 77 N.J.L. 493 (E. & A. *100 1909); Wittes v. Repko, 107 N.J. Eq. 132 (E. & A. 1930); Burdett v. Municipal Employees Pension Commission, 129 N.J.L. 70 (E. & A. 1942). The supplement in question by its very terms represents that which will take place in future time. The words shall and shall be are prospective in meaning and cannot embrace events which have already occurred.
Although the prospective construction of chapter 61 of the Laws of 1954 invalidates the service made upon the defendant, it would be well to consider also the further ground urged for such action. It is contended by the defendant that the allegations as to his negligence do not bring the case within the purview of chapter 61. In order to pass upon this issue it will be necessary to relate in brief form the facts of the accident.
In the afternoon of June 7, 1953 Fern was driving south along the New Jersey Turnpike in the direction of Newark and had to stop at the side of the road to change a flat tire. He was accompanied by his wife and they had with them in the car two young dogs. In some manner not disclosed by the pleadings, one of the dogs left the car and was seen standing quite still in the fast traffic lane some 50 or 60 yards to the south and away from the defendant's car. Thereafter, a car moving in that lane stopped to avoid striking the dog and a second car did likewise. A third car was not so fortunate, however, and allegedly drove the second car into the first.
Since the animal in question was being transported in a motor vehicle on the highway, it would seem that the responsibility for its safe custody would be that of the motorist. Its presence out of the car and on the open highway, where it is alleged to be the cause of an accident, would make the motorist's alleged negligence a jury question, were the service of process otherwise allowed.
However, for the reasons already stated I am granting the motion of the defendant that service of process made upon the defendant Fern, through the Director of the Division of Motor Vehicles, be quashed.