Richard TEAGUE, Plaintiff,

v.

Michael DAMASCUS and Helen M. Damascus, husband and wife; Charles Baldwin and Beatrice Baldwin, husband and wife; Peter D. Lambros and Demitra Lambros, husband and wife; Helen Damascus, a widow; Anastasia Damascus, a widow; and Ray N. Adams and Jane Doe Adams, husband and wife, Defendants.

No. 1798.

United States District Court
E. D. Washington, N. D.

March 21, 1960.

Etter & Connelly, Spokane, Wash., for plaintiff.

MacGillivray, Jones, Clarke & Jones, Spokane, Wash., for defendants Baldwin.

Cashatt, Williams, Conelly & Rekofke, Spokane, Wash., for defendants Damascus and Lambros.

Murphy, Bantz & Hemovich, Spokane, Wash., for defendants Adams.

POWELL, Chief Judge.

This action was originally commenced by the plaintiff Richard Teague against certain defendants on March 11, 1959. An amended complaint was filed January 19, 1960, adding additional defendants, Helen Damascus, a widow, who was a resident of the State of Oregon, and Peter D. Lambros and Demitra Lambros, husband and wife, who were residents of the State of Montana.

In the allegations of the amended complaint the plaintiff asserts that all of the defendants, including the defendants added in the amended complaint, were and are joint owners and operators of the real property and bathing resort involved in this action, located in Spokane County, Washington, and the owners and operators of property commonly known as Liberty Lake Park.

The plaintiff alleges his residence to be in the State of Texas. The remaining defendants are residents of the State of Washington, thus placing the jurisdiction of the action in the District Court here. There are two questions, however, for determination. One of them is determined in this opinion and the other one awaits a further determination.

The defendants, Helen Damascus and Peter D. Lambros and Demitra Lambros, his wife, have moved the Court for a dismissal of this action and to quash service pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds that the attempted service of process on said defendants was without authority of law, that the defendants have not been properly served with process, and being non-residents of the State of Washington

they could not be reached with process from this Court.

Rule 4(d) (7) of Federal Rules of Civil Procedure provides as follows:

Rule 4 "(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The plaintiff claims lawful service on the defendants made under RCW 4.28.-185. This statute is also referred to as Chapter 131, Laws of 1959, passed by the Washington State Legislature with an effective date of June 11, 1959.

That statute provides in substance that any person, whether or not a citizen or resident of the State of Washington, submits to the jurisdiction of the courts of the State of Washington as to any cause of action arising from the doing of certain enumerated acts. The acts enumerated include transaction of any business within the State of Washington, or commission of a tortious act therein, or the ownership, use or possession of any property within the State. The act further provides that service of process upon any person who is subject to the jurisdiction of the Court may be made by personally serving the defendant outside of the State of Washington with the same force and effect as though personally served within the state.

The act complained of against the defendants occurred on August 17, 1958, at which time the defendants are alleged to have operated a bathing resort known as Liberty Lake Park, and to have negligently maintained it to the injury and detriment of the plaintiff. The statute above referred to was passed by the Washington State Legislature and became effective on June 11, 1959, or almost ten months after the negligent acts alleged in plaintiff's amended complaint.

The question therefore is whether service pursuant to RCW 4.28.185 does constitute service within the State of Washington, and whether that statute can be given retroactive effect.

Counsel for the defendant argues, in support of his motion to dismiss, that the rationale of the case of Hammack v. Monroe Street Lumber Co., Wash., 339 P.2d 684, 688, should control. In that case it was held that an amendment to the Workmen's Compensation Statutes (Laws 1939, c. 41, § 2; Laws 1957, c. 70, § 23) permitting an injured workman to elect whether he may sue a third party tortfeasor, who is also under the Act, or makes claim under the Workmen's Compensation laws, was held not to be retroactive. In answer to the contention that the statute was merely one of remedy, the court said, quoting an earlier case [Jacobus v. Colgate, 217 N. Y. 235, 111 N.E. 837]:

"The general rule is that statutes are to be construed as prospective only. \* \* \* It takes a clear expression of the legislative purpose to justify a retroactive application. \* \* \* Changes of procedure, i. e., of the form of remedies, are said to constitute an exception \* \* \*, but that exception does not reach a case where before the statute there was no remedy whatever. \* \* \* To supply a remedy where previously there was none of any kind, is to create a right of action."

Counsel for the defendants in their able brief set forth a number of cases which are to the effect that statutes speak prospectively and not retroactively. This rule has been applied in construing

the nonresident motorist service statutes, and amendments thereto.

■ The statute in question we find was adopted from and copies an earlier Illinois statute. The Supreme Court of the State of Washington is committed to the proposition that a statute adopted from another state or country is presumed to have been taken with the construction there placed upon it. In re North River Logging Co., 15 Wash.2d 204, at page 208, 130 P.2d 64, at page 66:

"Second. The essential features of our unemployment compensation act are borrowed from the English acts, the original of which was passed in 1911. It is important, therefore, to ascertain the construction placed upon the British acts in construing our own. For it is a general rule of statutory construction that a statute adopted from another state or country is presumed to have been taken with the construction there placed upon it. In re Third, Fourth, & Fifth Avenues, Seattle, 49 Wash. 109, 94 P. 1075, 95 P. 862; Bickford v. Eschbach, 167 Wash. 357, 9 P. 2d 376." Washington Escrow Co. v. Blair, 40 Wash.2d 432, at page 436, 243 P.2d 1044, at page 1046:

"When our legislature adopted it, it is presumed to have adopted the construction theretofore placed upon the statute by the courts of New York. In re North River Logging Co., 15 Wash.2d 204, 130 P.2d 64." Jackson v. Colagrossi, 50 Wash.2d 572, at page 575, 313 P.2d 697, at page 699:

"By an unbroken line of decisions only recently reaffirmed, this court is committed to the prevailing rule of construction that the adoption of a statute of another state likewise carries with it the construction placed upon such statute by the courts of that state."

The State of Washington is not adverse to giving retroactive effect to a statute. Sorensen v. Western Hotels, Inc., 155 Wash.Dec. 688 at 692, 1960, 349 P.2d 232, at page 235:

"We there recognized the rule that legislative acts will generally be given prospective, and not retroactive, effect; however, we applied the exception: that a legislative act will be given retroactive effect when that intention is expressed or clearly implied."

The intention is expressed or clearly implied in the adoption of RCW 4.28.185 that the State Legislature intended that statute to have a retroactive effect. It was transplanted bodily from the Illinois Statutes. In the adoption of the statute, therefore, the legislature is presumed to have intended to adopt the statutory construction giving it retroactive effect as determined by the Supreme Court of the State of Illinois.

This statute, RCW 4.28.185, has not been construed by the Supreme Court of the State of Washington. There is no indication as to whether in that court it will be construed retroactively. However, in view of the rule of statutory construction above quoted, we must turn to the Illinois statutes and Illinois cases to determine the constructions placed upon it there. Such construction is presumed adopted.

The cases are collected in Bluff Creek Oil Co. v. Green, 5 Cir., 1958, 257 F.2d 83, 85. In that case Green, a plaintiff, had obtained a judgment in the State of Illinois by service on non-resident defendants. The transaction which gave the State of Illinois contact with the defendants occurred in 1951. The Illinois Civil Practice Act was enacted in 1953 and amended in 1955, S.H.A. ch. 110, §§ 16, 17. That Act was adopted by the State of Washington as RCW 4.28.185. Process was thereafter issued and served personally on the defendants at their offices in Oklahoma City. The case of Bluff Creek Oil Co. v. Green, supra, arose in Texas for the reason that contesting claims were made in an interpleader action and the claim of Green depended upon the validity of the judgment in the State of Illinois based on service under

the Illinois Civil Practice Act. The court there states:

"(1) As the question of the construction and validity of the Illinois statute is common to both defendants, we dispose of it before discussing the factual distinctions between the two. Actually the interpretation of the statute insofar as its retroactivity is concerned is not open to us. As this is just another diversity suit, Erie (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) commits us to what authoritative Illinois decisions have said. Whether for good or bad, Illinois has ruled precisely that as a matter of statutory interpretation this Act has retroactive application. Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673.

"(2) Of course, that Illinois holding, decisive as it is on construction, still leaves for us the genuine Federal question whether either its retroactivity or applicability to nonresidents served outside the state violated the National Constitution. On neither point, in our judgment, is the Act imperiled. Indeed, both seem to be authoritatively answered by McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. On retroactivity and the analogous problem of impairment of contracts, the Court emphasized about the California statute there involved what the Illinois Court stressed concerning this one in Nelson that the service of process statute did not add to or create new liabilities which were then sought to be retrospectively asserted. What the process law does is merely provide for the effectual assertion of that right, a means of doing so through local courts. As a remedial, procedural statute, it could constitutionally apply to supply effective machinery for the assertion of existing substantive rights which, of course, on Green's Illinois State

Court complaint came into being as a result of the transactions in 1951. Funkhouser v. J. B. Preston Co., 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; National Surety Co. v. Architectural Decorating Co., 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221. Moreover Illinois, concerned as it is with a construction which claims the full reach open under the Federal Constitution, is aware of the vital distinction and has itself stricken down retroactive laws which create new substantive rights or impose new liabilities. Theodosis v. Keeshin Motor Express Company, Inc., 341 Ill.App. 8, 92 N.E.2d 794."

In McGee v. International Life Ins. Co., 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, in construing a similar statute the Supreme Court states:

"The California statute became law in 1949 [West's Ann.Insurance Code, §§ 1610–1620], after respondent had entered into the agreement with Franklin to assume Empire Mutual's obligation to him. Respondent contends that application of the statute to this existing contract improperly impairs the obligation of the contract. We believe that contention is devoid of merit. *The statute was remedial, in the purest sense of that term,* and neither enlarged nor impaired respondent's substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a California forum to enforce whatever substantive rights she might have against respondent. At the same time respondent was given a reasonable time to appear and defend on the merits after being notified of the suit. Under such circumstances it had no vested right not to be sued in California. Cf. Bernheimer v. Converse, 206 U.S. 516 [27 S.Ct. 755, 51 L.Ed. 1163]; National Surety Co. v. Architectural Decorating Co., 226 U.S. 276 [33 S.Ct. 17, 57 L.Ed. 221]; Funk-

houser v. J. B. Preston Co., 290 U.S. 163 [54 S.Ct. 134, 78 L.Ed. 243]. (Emphasis supplied.)"

Under the circumstances the interpretation placed upon the statute, RCW 4.28.185, by the Fifth Circuit and by the State of Illinois must be adopted. The Act in effect is retroactive and it is remedial only, furnishes a new forum for the cause of action of the plaintiff, does not create a new cause of action but merely gives to the plaintiff the right to maintain his action in the State of Washington where the other defendants reside and service outside of the State of Washington will be effective as service within the State under the statute hereinabove referred to.

The motion to dismiss on the ground of defective service is denied.

The defendants have stated that they desire to make a further motion based upon improper venue in this Court and the defendants are accordingly allowed ten days from the filing of this opinion within which to serve and file such motion.

The plaintiff is requested to prepare and submit an order in accordance herewith.