Elijah SUMMERS
v.
SKIBS A/S MYKEN.
Civ. A. No. 28551.

United States District Court
E. D. Pennsylvania.
March 1, 1961.

Marvin I. Barish, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, of Rawle & Henderson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Plaintiff is a longshoreman who was injured while working in the hold of the S.S. Myken when it was docked at a Philadelphia wharf on December 22, 1958. The defendant corporation, or-

ganized in Norway, is the owner of the S.S. Myken. Plaintiff first brought a suit (184 F.Supp. 745) on this cause of action on August 25, 1959, and attempted to serve process in February 1960. Defendant's Motion to Set Aside Service of Process Under Pennsylvania Nonresident Vessel Owner Act (12 P.S. § 336) in that suit was granted on June 10, 1960. This suit was then brought on September 13, 1960. The Pennsylvania Nonresident Vessel Owner Act, 12 P.S. § 336, was approved and became effective on November 10, 1959, subsequent to this cause of action but before this suit was commenced. Process was apparently served in this suit under authority of that Act between September 13, 1960, and November 7, 1960, and defendant has moved to set aside such service of process (Document No. 2), which motion is now before the court.

As pointed out by Judge Goodrich in Elliott v. United States Steel Export Company, D.C.E.D.Pa.1960, 186 F.Supp. 57, at page 59,

"The question for the Court here is not how far Pennsylvania may constitutionally go in exercising judicial jurisdiction over a foreign corporation but how far the legislature had taken it as of the time the complaint in this case was filed."

The very full and able consideration given to this statute by Judge Lord in Summers v. Skibs A/S Myken, D.C.E.D. Pa.1960, 184 F.Supp. 745, makes it unnecessary to say any more than that the Pennsylvania Legislature has provided that the Non-Resident Vessel Owner Act (12 P.S. § 336) applies to owners and operators of vessels who shall operate a vessel in the waters of this Commonwealth or use its port facilities or ports on and after November 10, 1959. Section 1 of the Act provides:

"Any nonresident of this Commonwealth, being the owner or operator of any vessel, who *shall* accept the privilege, extended by the laws of this Commonwealth to nonresident operators and owners, of operating a vessel in the waters of this Commonwealth or of using its port facilities or ports, * * * shall, by the operation of a vessel in the waters of the Commonwealth or of using its port facilities or ports, make and constitute the Secretary of the Commonwealth his agent for the service of process in any civil suit * * * against such operator or owner of such vessel arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved." (Emphasis supplied.)

In Terracciona v. Magee, 1959, 53 N.J.Super. 557, 148 A.2d 68, 74, the court said: "As an aid in the interpretation of statutes it is a cardinal rule that the word 'shall' connotes prospective operation and cannot embrace events which have already occurred." In construing a supplement to the New Jersey Non-Resident Motor Vehicle Statute, which contains words similar to the statute at bar, the New Jersey Superior Court has stated:

"The supplement in question by its very terms represents that which will take place in future time. The words *shall* and *shall be* are prospective in meaning and cannot embrace events which have already occurred." Cassan v. Fern, 1954, 33 N.J.Super. 96, 109 A.2d 482, 485.

There is every reason to believe that a like construction would be given by the Pennsylvania appellate courts to the statute before the court. It is the policy of the Pennsylvania appellate courts that legislative rules as to service of process must be strictly construed,[1] and that statutes are presumed

---

1. McCall v. Gates, 1946, 354 Pa. 158, 161, 47 A.2d 211. Although it has been argued that this construction is not in strict compliance with 46 P.S. § 558, it is the expression of the highest appellate court of Pennsylvania more than nine years after passage of the Statutory Construction Act.

to operate prospectively.[2] Since there is no showing in this record that defendant has operated any such vessel in these waters or used such port facilities or ports after November 10, 1959, the Act does not apply to the service of process in this suit, which involves an accident in December 1958 when defendant's vessel was in the port of Philadelphia.

This construction of this Pennsylvania Act is supported by cases such as Kurland v. Chernobil, 1927, 260 N.Y. 254, 183 N.E. 380, which is quoted in Summers v. Skibs A/S Myken, 184 F.Supp. at pages 750–751.

Whether Pennsylvania could apply this substituted service provision, under the Federal Constitution, to the owner or operator of a vessel which had come within its jurisdiction prior to November 10, 1959, and had carefully remained away from this Commonwealth and its navigable waters since that date need not be considered in view of the use of "shall" in the Act, as quoted above. For this reason, the Federal court decisions, involving substituted service of process statutes of states other than Pennsylvania, relied on in the able brief of counsel for plaintiff are not pertinent.[3]

If plaintiff wishes to secure a construction of this Non-Resident Vessel Owner Act from the Pennsylvania appellate courts by promptly bringing the issue presented in this proceeding before the courts of that state in the pending case of Summers v. Skibs A/S Myken, C.P. No. 6, June Term 1960, No. 3215, application may be made to the undersigned within ten days to withhold the order granting the Motion now before the court until such issue has been decided by the appellate courts of Pennsylvania in that proceeding.

2. Overmiller v. D. E. Horn & Co., 1960, 191 Pa.Super. 562, 159 A.2d 245. See 46 P.S. § 556, which states that no law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature. Dubin v. City of Philadelphia, C.P.Phila.1948, 34 Pa.Dist. & Co.R. 61, relied on by plaintiff, is not applicable here since the act involved referred to "any nonresident * * * being the owner, tenant or user of real estate" and there was no contention that the defendant was not such "owner, tenant or user" of the property after the effective date of the substituted service Act, as opposed to before such date. Act July 2, 1937, P.L. 2747.

3. As this court said in Elliott v. United States Steel Export Company, D.C.E.D. Pa.1960, 186 F.Supp. 57, 59:

"Developments leading up to the International Shoe case and since that decision are highly interesting and a favorite subject of discussion by law review writers, but they are of no help in determining the question before this Court. 'Because a state may exercise jurisdiction it does not follow that it does do so, much less that it must.'" For example, the Illinois statute before the court in Bluff Creek Company v. Green, 5 Cir., 1958, 257 F.2d 83, 85, provided "Any person, whether or not a citizen or resident of this state, who in person or through an agent *does* (not shall do) any of the acts hereinafter enumerated * * * submits said person * * * to the jurisdiction of the courts * * *." (Emphasis supplied.)