## Summers v. Skibs A/S Myken

*Freedman, Landy & Lorry*, for plaintiff.

*Rawle & Henderson*, for defendant.

McCLANAGHAN, J., February 10, 1964.—Plaintiff, Elijah Summers, brought this action in trespass against Skibs A/S Myken, defendant corporation of Norway, to recover damages for injuries allegedly sustained while plaintiff worked as a longshoreman on board said vessel in the port of Philadelphia. The accident occurred on December 22, 1958. On said date, the vessel was operated by Navios Corporation under a time charter.

Suit was instituted in August 1960, and pursuant to a petition filed, the court authorized service upon defendant through the Secretary of the Commonwealth, and said service was allegedly made by registered mail, sent November 9, 1960, to the Secretary of the Commonwealth, Harrisburg, Pa., and to defendant at Oslo, Norway.

Defendant filed two sets of preliminary objections. Group one, containing preliminary objections 1 through 7, contest the jurisdiction of the court on the basis that service was made pursuant to the Act of November 10, 1959, P. L. 1404, and contend that service was improper for the reason that the act was not retroactive and that this accident occurred prior to the enactment of said statute. Defendant cited the decision of the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit involving the same parties, reported 191 F. Supp. 929, affirmed, 296 F. 2d 548. Insofar as

these preliminary objections are relevant, they are sustained on the basis of said Federal court decisions.

The second group of preliminary objections filed by defendant, nos. 8, 9 and 10, attack jurisdiction on the basis that service on defendant was attempted pursuant to section 1011 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852. It is only necessary to consider preliminary objection 10b to determine the validity of the attempted service. An examination of Philadelphia County sheriff's return of service reveals that on November 9, 1960, an attested copy of the complaint was sent by registered mail to the Secretary of the Commonwealth, Harrisburg, Pa., and to defendant at Haakon VII's gt., P. O. Box 1365, Oslo, Norway. A return receipt was requested in each case. Said return of service does not indicate that service was made in the manner prescribed by section 1011, 15 PS §2852, which required the sheriff to transmit to the Secretary of the Commonwealth and to defendant by registered mail, return receipt requested, a copy of such process, together with a copy of the petition and order of the court, properly certified as such by the prothonotary. It is true that the order of court dated August 19, 1960, directed that service be made in said manner. However, the return of service only indicates that service by registered mail included a true and correct copy of the complaint in trespass, and does not indicate that it contained a copy of the petition and order of court authorizing service in the manner stated, properly certified by the prothonotary.

The aforesaid service is, therefore, fatally defective, as service of process, in order to be valid, must be made in strict compliance with the terms of the statute.

For the foregoing reasons, service of the complaint upon defendant is hereby stricken off, with leave to plaintiff to reinstate said service of process by showing compliance with the statutory requirements.