**Judith Billeaud COREIL**

v.

**Drew PEARSON.**

**Civ. A. No. 9629.**

United States District Court
W. D. Louisiana,
Opelousas Division.

May 28, 1965.

Fusilier, Pucheu & Soileau, A. Gaynor Soileau, Ville Platte, La., for plaintiff.

John Donovan, Washington, D. C., Jones, Kimball, Harper, Tete & Wetherill, James G. Boyer, Lake Charles, La., for defendant.

PUTNAM, District Judge.

## JUDGMENT ON MOTION

This matter is before the Court on defendant's motion to quash the service of summons made upon him and to dismiss plaintiff's suit for lack of jurisdiction rationae personae.

The facts essential to this motion are that plaintiff, a Louisiana citizen, filed a complaint in this Court on July 25, 1963 against defendant Drew Pearson, a resident of the District of Columbia, alleging that she had been damaged by false and libelous statements written by defendant and by him published or caused to be published in two newspapers of general circulation in Louisiana. Copies of the statements as they appeared in published form in the two newspapers are attached to the complaint.

Service was attempted in Washington, D. C., on September 13, 1963 by the Deputy U. S. Marshal but the defendant was out of the country at the time. On September 22, 1964 personal service of the summons and complaint was made upon the defendant in Washington, D. C. by the Deputy U. S. Marshal. In the interim, Louisiana enacted a "long-arm" service of process law, effective July 29, 1964, by which the Louisiana courts were au-

thorized to exercise personal jurisdiction over nonresidents in certain specified instances.

The basis of defendant's motion is that he is not a resident of Louisiana and that there is no Federal or State statute or rule of court which provides for service upon him in such an action as this, outside the territorial limits of Louisiana. He argues that, lacking such statute, this Court cannot acquire the requisite jurisdiction over his person.

That jurisdiction exists pursuant to 28 U.S.C.A. 1332(a) (1) on the ground of diversity of citizenship must be at once recognized. Plaintiff alleges that she is a citizen of Louisiana, defendant admits in the present motion that he is a citizen of the District of Columbia, and the amount in dispute exceeds $10,000.00. The action is founded upon an alleged tortious act of defendant causing damage to petitioner. Our inquiry is whether or not there has been a valid service of process upon defendant by which this Court has obtained jurisdiction over the person.

Plaintiff points to F.R.Civ.P., Rule 4 (e), 28 U.S.C.A., and the Louisiana statute mentioned above, Act No. 47 of 1964, LSA–R.S. 13:3201 et seq., to maintain her suit. The question for decision then is threefold: (1) does the statute of Louisiana conform to Constitutional requirements of due process, (2) did defendant, under the uncontroverted allegations of the petition bring himself within its scope, and (3), can it be given retroactive effect to apply here where suit was filed prior to its passage by the Louisiana legislature?

Briefly stated, the Louisiana statute in question provides for the exercise of personal jurisdiction over a nonresident of Louisiana as to a cause of action arising by virtue of defendant (a) transacting any business in the State, (b) contracting to supply services or things in this State, (c) causing injury or damage by an offense or quasi offense committed through an act or omission in this State, (d) causing injury or damage in this State by an offense or quasi offense committed through an act of omission outside of the State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (e) having an interest in, using or possessing a real right or immovable property in the State.

F.R.C.P. Rule 4(e), supra, would permit service to be made in accordance with such statute.[1] This rule, along with Rule 4(d) (7), and 4(f), have been consistently interpreted by the United States Supreme Court and all inferior courts of the federal system as affording the vehicle for application of state service of process statutes in federal suits. We do not regard this question to be open to debate, provided the statute invoked conforms to Constitutional requirements of due process, under the "minimal contacts" test of recent evolution. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185, (1946); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, (1958).

In Hanson v. Denckla, supra, we note particularly the language used in summing up the effect and extent of the earlier decisions of the Court:

" * * * The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself [himself] of the privilege of con-

---

1. F.R.C.P. Rule 4(e), 28 U.S.C.A. provides: "Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, * * * upon a party

not an inhabitant of or found within the state * * *, service may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

ducting activities within the forum State, thus invoking the benefits and protections of its laws. * * *" (357 U.S. 235, at page 253, 78 S.Ct. 1228, at page 1240).

Compare Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ From the foregoing cases it is to be noted that the Supreme Court has established a dual test to determine whether a court may assert personal jurisdiction over a nonresident defendant without depriving him of due process of law. First of all, there must be some minimum contact with the state which results from an affirmative act of the defendant, but this does not require the defendant to have been in the state or to have had agents there. Secondly, it must be fair and reasonable to require that the defendant come into the state and defend the action.

■■ We conclude that on its face Act No. 47 of 1964, LSA–R.S. 13:3201 et seq., is constitutional and under 28 U.S. C.A., F.R.C.P. 4(e), must be given application here, as the contacts required are reasonable and seem to us to satisfy traditional ideas of justice and fair play.

■ The second inquiry addresses itself to the facts, for which we look to the uncontroverted allegations of plaintiff's petition and the attached exhibits. We find from an inspection of the pleadings that defendant has, at the least: (1) contracted to supply "services or things" in this State, specifically services as a news commentator and columnist, distributed by the Bell Syndicate to newspapers in Louisiana; (2) caused injury and/or damage to petitioner by either publishing or causing to be published allegedly libellous remarks concerning her in the State of Louisiana, such injury and/or damage being the adverse effect of the publication of the column in question upon petitioner's reputation and character among her neighbors and friends in the State of Louisiana; or, assuming that all of the defendant's actions in respect to the quasi-offense under discussion occurred out of this State, (the position most favorable to defendant), (3) the injury to petitioner resulted in the State and, referring to the exhibits attached to the complaint, the conclusion by inference that defendant, or his agents, regularly does or solicits business for the publication of his column within the State and that he follows this course of conduct persistently is inescapable.

From the foregoing, we find that the requirements of the Louisiana statutes are met in respect to LSA–R.S. 13:3201 (b), and either (c) or (d), from a factual standpoint.

Furthermore, that defendant's attorneys actually received notice of the suit within one month after it was filed, is evidenced by correspondence addressed to the clerk appearing in the record, being letters from Mr. Donovan of Washington, D. C., dated August 2, 1963, and from Mr. Boyer of Lake Charles, Louisiana, dated August 14, 1963. These same attorneys are counsel of record in the present motions, filed October 8, 1964.

We accordingly find that the defendant has had "minimum contacts" with the State of Louisiana, required by International Shoe Co., supra, McGee, supra, and Hanson, supra, and that service effected in accordance with the laws of that state would ordinarily suffice to confer jurisdiction over the person of defendant in this court, under Rule 4(e), supra.

Compare: Elkhart Eng. Corp. v. Werke, 343 F.2d 861, (5 Cir. April 13, 1965); Dooly v. Payne, 326 F.2d 941, (5 Cir. 1964); Arrowsmith v. United Press International, 320 F.2d 219, (2 Cir. 1963); Calagaz v. Calhoun, 309 F.2d 248, (5 Cir. 1962); WSAZ, Inc. v. Lyons, 254 F.2d 242, (6 Cir. 1958).

Having concluded that under federal procedural law the "long arm" statute of the State applies, we must examine the law of Louisiana to determine whether or not it is a statute of remedial and procedural purport and effect, or whether it is substantive. If the former, we must further determine, under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, (1938),

whether or not it is to be given retroactive effect under Louisiana law.

The particular statute under discussion has never reached the appellate courts of Louisiana, so far as our research or that of counsel has disclosed. The matter is res novo, but the conclusion we reach on the basis of the construction given similar statutes in the past is, we believe, considerably more certain than the usual "educated guess" made by federal courts in interpreting or predicting the operation of state laws in such instances.

 Louisiana has consistently followed the majority rule recognized in the three keystone decisions of the United States Supreme Court cited above, and holds such statutes to be purely procedural and remedial in nature, and, further, has given them retrospective operation *in the absence of a clearly expressed legislative intent to the contrary.* Covington v. Southern Specialty Sales Co., 158 So.2d 79, (La.App.1963), (Service on foreign corporation); Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885, (1961), (Code of Civil Procedure); Fullilove v. U. S. Casualty Co. of New York, 129 So.2d 816, (La.App. 1961), (waiver of State's immunity from liability); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417, (1953), (retroactive effect given to amendment to Louisiana statute providing for executory process); Brown v. Indemnity Ins. Co. of North America, 108 So.2d 812, (La.App.1959), (additional provisions for venue under Louisiana Workmen's Compensation Law); Pugh v. Oklahoma Farm Bureau Mutual Ins. Co., 159 F.Supp. 155 (E.D.La.1958), (retroactive effect given to amendment to nonresident motorist statute for service of process). Cf. Manuel v. Carolina Cas. Ins. Co., 136 So.2d 275 (La.App.1961).

That retroactive effect is usually given to the application of similar procedural statutes in other jurisdictions where the same rule as that of Louisiana prevails is further apparent from the following cases: Bluff Creek Oil Co. v. Green, 257 F.2d 83, (5 Cir. 1958); Cedar Rapids Community School District v. R. R. Ball Const. Co., 237 F.Supp. 965, (N.D.Iowa 1965); U. S. v. Montreal Trust Co., 35 F.R.D. 216, (S.D.N.Y.1964); Teague v. Damascus, 183 F.Supp. 446, (E.D.Wash. 1960); Hellreigel v. Sears, Roebuck & Co., 157 F.Supp. 718, (N.D.Ill.1957); 82 C.J.S. Statutes § 416, P. 992.

 We accordingly hold that Louisiana's Act No. 47 of 1964, LSA–R.S. 13:–3201 et seq., must be given retroactive effect under the law of this State. The service here is validly made pursuant to 28 U.S.C.A., F.R.C.P. Rule 4(e).

The motions are denied, and the Clerk will enter judgment accordingly.