**Earl J. MANDERNACH, Appellant,**

v.

**O. J. GLASS et al., Appellees,**

**Earl J. MANDERNACH, Appellant,**

v.

**O. J. GLASS, Appellee.**

**No. 2–58669.**

Supreme Court of Iowa.

May 25, 1977.

Yaneff & Cosgrove, Sioux City, and McCullough & McCullough, P. C., Sac City, for appellant.

James W. Redmond, Gleysteen, Harper, Kunze, Eidsmoe & Heidman, Sioux City, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether a person must be a resident of Iowa in order to use the long arm statute, § 617.3, The Code. The trial court held plaintiff's residency at the time of suit is a jurisdictional requisite. We hold it is not and therefore reverse.

The facts are agreed. Plaintiff Earl J. Mandernach filed two petitions in the district court naming O. J. Glass as a party defendant. Plaintiff's actions are based on a contract which was to be performed in whole or in part in Iowa. At the time the contract was made plaintiff was a resident of Iowa and defendant was a resident of South Dakota. At the time suit was brought plaintiff was no longer a resident of Iowa. He attempted to obtain substituted service of defendant by following the provisions of Code § 617.3.

Defendant appeared specially in each action, alleging the court lacked jurisdiction over him because plaintiff was not a resident of Iowa at the time suit was commenced. The trial court sustained his special appearances and plaintiff appealed.

In material part, § 617.3, The Code, provides:

If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, \* \* \* such [act] shall be deemed to be doing business in Iowa by such persons for the purpose of service of process or original notice on such person under this section, \* \* \*. .The term "resident of Iowa" shall include \* \* \* any individual residing in Iowa \* \* \*.

The trial court interpreted this provision as requiring residency of the aggrieved party when suit is brought as well as when the contract is made. We hold the statute only requires that the plaintiff be a resident when the contract is made.

This conclusion is supported by the plain language of the statute, our prior cases interpreting it, and the due process considerations upon which the requirements of the statute are premised.

Nothing in the language of the statute purports to say a plaintiff must be a resident of Iowa at the time he initiates his action. The predicate of the statute which is material here is the making of a contract by the nonresident defendant with "a resident of Iowa to be performed in whole or in part by either party in Iowa \* \* \*." The subsequent definition of "resident of Iowa" as including "any individual residing in Iowa" manifestly refers to the status of the plaintiff at the time of the making of the contract.

It is stipulated here that plaintiff was a resident of Iowa when the contract was made. The statute does not require this residency to be maintained until suit is brought. Our duty to construe the statute strictly does not obligate or empower us to add a requirement to the statute which the legislature did not. Under the plain language of the statute, the jurisdictional predicate is satisfied when (1) a nonresident person (2) makes a contract with a resident of Iowa (3) to be performed in whole or in part in Iowa. Those conditions were met here.

Our cases hold § 617.3 is a consent type statute. *House v. Hendley & Whittemore Company*, 251 N.W.2d 490 (Iowa 1977). We have said it requires that the plaintiff be a resident of Iowa at the time of the transaction or events deemed by the statute to constitute "doing business in Iowa" for purposes of substituted service. *Edmundson v. Miley Trailer Co.*, 211 N.W.2d 269 (Iowa 1973); *Schnebly v. St. Joseph Mercy Hospital of Dubuque*, Iowa, 166 N.W.2d 780 (Iowa 1969); see *Edwards v. Ainsworth*, 377 F.Supp. 200 (S.D. Iowa 1974).

In a number of cases, this court has held it creates a substantive right which did not previously exist. On that basis, we held it could not be applied retroactively. The implied consent which authorizes substituted service depends upon the relationship of the parties at the time of the conduct which is deemed to constitute doing business in Iowa. See, e. g., *Krueger v. Rheem Mfg. Co.*, 260 Iowa 678, 149 N.W.2d 142 (1967). Nothing in the statute or our cases supports holding that the substantive right to invoke the statute which arises at that time is or can be divested if the aggrieved person subsequently becomes a nonresident.

Moreover, the due process considerations which undergird the provisions of § 617.3, depend upon the relationship of the nonresident defendant to the forum state and do not affect the policy decision of the state whether to open its courts to litigation by nonresident plaintiffs. *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Myers v. Brickwedel*, 259 Or. 457, 486 P.2d 1286 (1971), and citations; see *Edmundson v. Miley Trailer Co., supra*, 211 N.W.2d at 271–274.

The trial court erred in holding plaintiff could not employ the substituted service provisions of § 617.3 because he was a nonresident when he brought suit. Defendant's special appearances should have been overruled.

REVERSED.