16222

JOHNSON *ET AL.* v. BALDWIN *ET AL.*
(53 S. E. (2d) 785)

*Messrs. Wyche, Burgess & Wofford,* of Greenville, *Young, Bell & Callison,* of Greenwood *and Harvey W. Johnson,* of Spartanburg, *for Appellant, cite:*

*Messrs. Grier, McDonald, Todd & Burns,* of Greenwood, *for Respondents, cite:*

*Messrs. Wyche, Burgess & Wofford,* of Greenville, *Young, Bell & Callison,* of Greenwood, *and Harvey W. Johnson,* of Spartanburg, *for Appellant, in reply, cite:*

May 30, 1949.

OXNER, Justice.

On or about July 14, 1945, plaintiff, as a stockholder in the Brandon Corporation, brought this action in the right of the corporation against the directors to recover damages for alleged mismanagement. Included as defendants were Summerfield Baldwin, Jr. and G. B. Dorsey, who have never resided in South Carolina but are residents, respectively, of Maryland and New Jersey. Both formerly served as directors of the Brandon Corporation, a large textile manufacturer with plants in Greenville and Spartanburg Counties, but resigned and ceased to be directors on December 20, 1946. After several unsuccessful attempts to serve these two defendants, plaintiff sought to acquire jurisdiction of them by serving copies of the summons and complaint upon the Secretary of State under the provisions of Act No. 277

of the 1947 Acts of the General Assembly, 45 St. at L. 561, which was approved by the Governor and became effective on May 19, 1947. The Secretary of State thereupon forwarded by registered mail a copy of the summons and complaint to each of said defendants. Within due time they appeared specially for the sole purpose of contesting jurisdiction and moved to vacate and set aside the service. The motion was granted and the plaintiff has appealed.

Section 1 of the Act above mentioned provides that every non-resident director of a domestic corporation of this State, "shall, by the acceptance of election or appointment as such director * * * or by continuance as such director for a period of thirty (30) days following the approval of this Act, be held, by such election, appointment or continuance as such director, to have appointed the Secretary of State of South Carolina as his true and lawful attorney in fact for the service of process upon any such non-resident director in action in the Courts of this State for the purposes hereinafter stated."

Section 2 provides "that any such non-resident director may be served with process, with respect to any action hereafter arising relating to actions of domestic corporations arising while any such non-resident director held office as such," by delivering two copies of the summons and complaint to the Secretary of State, who shall forthwith forward one copy by registered mail to the last known address of such director.

Section 3 requires the secretary of every domestic corporation to file the names and addresses of all non-resident directors with the Secretary of State who must keep same on file as a public record. It is further provided that the failure of any domestic corporation to file such report shall not prevent service upon any such non-resident director, but service may be made by delivering process to the Secretary of State, who is required to mail a copy of such process to the last known address of such non-resident director.

Section 4 imposes a penalty upon the secretary of any domestic corporation who shall knowingly fail to file the report required by Section 3.

Section 5 is as follows: "That the Court in which any action provided for herein is pending shall order such continuance as may be necessary to afford such non-resident director so served as provided herein reasonable opportunity to defend the action."

Section 6 reads: "That any person now a non-resident director of any such domestic corporation who shall within thirty (30) days from the date of approval of this Act, resign in good faith as such director and shall file with the Secretary of State a copy of such signed resignation shall not be subject to the provisions of this Act; and any person who may hereafter be subjected to this Act may terminate its application as to him except for causes of action already accrued, by bona fide resigning as such director and filing a signed copy of said resignation with the secretary of State; provided, that such non-resident director shall still be subject to the service of process as hereinabove provided with respect to causes of action accruing prior to the filing of such resignation."

The Court below held that the Act does not apply to a former director of a domestic corporation who had resigned and ceased to be such prior to the date when the Act went into effect. In other words, it was determined that the statute did not operate retrospectively. The correctness of this conclusion is the primary question involved on this appeal.

In construing the Act, it may be well to keep in mind certain well established principles relating to the method of acquiring jurisdiction of a non-resident defendant in an action *in personam.* In *New York Life Insurance Co. v. Dunlevy,* 241 U. S. 518, 36 S. Ct. 613, 614, 60 L. Ed. 1140, it is declared: "The established general rule is that any personal judgment which a state court may render against one who did not voluntarily submit to its jurisdic-

tion, and who is not a citizen of the state, nor served with process within its borders, no matter what the mode of service, is void, because the court had no jurisdiction over his person." Ordinarily the processes of a state court do not extend beyond its borders and jurisdiction of a non-resident in an action *in personam* cannot be obtained unless the defendant is found within the State or appears in the action. To this general statement there are exceptions. One class of exceptions is illustrated by the cases upholding statutes to the effect that a non-resident of a state, by carrying on certain lines of business or doing certain acts, such as driving an automobile on the public highway, is presumed to designate an officer or agent in said state upon whom service of process may be made in actions in said state growing out of the buiness or acts done. It has been held that *"in advance of the operation* of a motor vehicle on its highway by a non-resident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use." (Italics ours.) *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 633, 71 L. Ed. 1091. Also, see *Kane v. New Jersey,* 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; *Wuchter v. Pizzutti,* 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230. These statutes are based on the theory of implied consent. In the Restatement of the Conflict of Laws, American Law Institute, it is stated (Section 84) : "A state can exercise through its courts jurisdiction over an individual who has done an act within the state, as to a cause of action arising out of such act, if *by the law of the state at the time when the act was done,* a person by doing the act subjected himself to the jurisdiction of the state as to such cause of action." (Italics ours.) Of course, the rule just stated is subject to certain limitations imposed by the Federal Constitution.

The Act under consideration, we think, is an attempt to sustain substituted service on non-reident directors under the doctrine just discussed. It is declared in Section 1 that a non-resident "shall, by the acceptance of election or appoint-

ment as such director of any domestic corporation or by continuance as such director for a period of thirty (30) days following the approval of this Act," be demed to have appointed the Secretary of State as his attorney in fact for the service of process, with respect "to any action *hereafter arising* relating to action of the domestic corporation arising while any such non-resident director held office as such." (Italics ours.) Section 6 provides a method by which "any person *now* a non-resident director" of a domestic corporation or "any person who may *hereafter* be subject to" the act may resign and be relieved of the provisions of the act except as to any cause of action which may have accrued prior to the filing of such resignation. (Italics ours.)

Not only does the Act evince an intent that it should operate prospectively but such is the reasonable inference from the fiction of implied consent upon which it is based. The Secretary of State is constituted an attorney in fact upon whom process may be served only when certain acts are done by a non-resident after the passage of the statute. It will not be assumed that such delegation of an agent or attorney in fact by conduct was intended to be retroactive. Indeed, it is doubtful whether the General Assembly is empowered to make it so. Here respondents ceased to be directors about five months prior to the time the Act went into effect and three or four weeks before the convening of the session of the General Assembly at which this legislation was passed. It follows that there is no basis for an implied consent.

But if any doubt remains as to the correctness of the above construction, it must be resolved against a retrospective operation. The rule is well established in this State that a statute will not be construed so as to have a retrospective effect unless such a construction is required by the express words of the statute, or must necessarily be implied from the language used. *Mutual Aid, Loan & Investment Co. v. Logan,* 55 S. C. 295, 33 S. E. 372; *Carolina Glass Co. v. State,* 87 S. C. 270, 69 S. E. 391; *Jefferson*

*Standard Life Insurance Co. v. King, Commissioner,* 165 S. C. 219, 163 S. E. 653; *Home Building and Loan Association v. City of Spartanburg,* 185 S. C. 313, 194 S. E. 139. Appellant asserts that this statute is remedial in character and not subject to the rule of construction just mentioned. It is true that a different rule applies to remedial statutes or statutes relating to modes of procedure unless the effect is to disturb vested rights or impair the obligation of contracts. But if construed as retrospective, the Act substantially affects the rights of respondents. The effect would be to confer upon appellant the right to acquire jurisdiction in this State of respondents by substituted service when no such right existed during the period when respondents served as directors and the transactions occurred out of which this cause of action arose.

A similar view has uniformly been taken of statutes providing for substituted service upon non-residents in tort actions growing out of the operation of motor vehicles upon the public highway. The courts have uniformly declined to give the statute retroactive effect. *Paraboschi, administratrix, v. Shaw,* 258 Mass. 531, 155 N. E. 445; *Duggan v. Ogden,* 278 Mass. 432, 180 N. E. 301, 82 A. L. R. 765; *Ashley v. Brown,* 198 N. C. 369, 151 S. E. 725; *Schaeffer v. Alva West & Co.,* 53 Ohio App. 270, 4 N. E. (2d) 720.

Having concluded that the Act does not apply to respondents, we have no occasion to consider its contitutionality when construed as only operating prospectively. Repondents suggest that even under this construction the Act cannot be upheld, but that question is left undetermined.

Finally, it is contended that by the acts hereinafter mentioned, respondents waived the jurisdictional question and converted their special appearance into a general one. It appears that in undertaking to perfect this appeal, appellant failed to serve her case and exceptions within the time required by the rules of this Court. Respondents

then made a motion to dismiss the appeal. Thereafter appellant moved for leave to docket the case, which was granted over respondents' objection. The contention that these acts on the part of respondents constituted a waiver of the jurisdictional objection cannot be sustained. They appeared specially for the sole purpose of questioning the validity of the service and were successful in the Court below. Nothing has since been done in recognition of jurisdiction. Respondents' efforts have been solely directed toward bringing the jurisdictional question to a final determination and everything done was entirely consistent with the Court's lack of jurisdiction. The facts here are quite distinguishable from those in the case of *South Carolina State Highway Department v. Isthmian S. S. Co.*, 210 S. C. 408, 43 S. E. (2d) 132, cited by appellant.

The only other question relates to the order settling the case for appeal. Appellant sought to incorporate in the record her complaint, the answer by the Brandon Corporation and one of its directors, appellant's reply, and certain facts tending to show the history of this litigation. We are unable to see the relevancy of these matters to the questions involved on this appeal and think they were properly excluded.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.