### JOHNSON v. BALDWIN et al.
### C. A. No. 865.

United States District Court
W. D. South Carolina,
Greenville Division.

Nov. 12, 1949.

See also, 82 F.Supp. 360.

910

Harvey W. Johnson, Spartanburg, S. C., for plaintiff.

Grier, McDonald, Todd & Burns, Greenwood, S. C., for defendants Summerfield Baldwin, Jr. and G. B. Dorsey.

WYCHE, Chief Judge.

This is a stockholders' derivative action brought by the plaintiff for the benefit of herself and all other stockholders of Brandon Corporation against certain former and present directors for alleged mismanagement, the corporation being joined as a necessary party defendant.

The matter is before me upon motion of the defendants Summerfield Baldwin, Jr. and G. B. Dorsey to dismiss the action or in lieu thereof to quash the service of the summons on Summerfield Baldwin, Jr. and G. B. Dorsey on grounds set out in the motion.

Plaintiff attempted to serve the summons herein upon Summerfield Baldwin, Jr., who is a citizen and resident of the State of Maryland, and G. B. Dorsey, who is a citizen and resident of the State of New Jersey, by serving the Secretary of the State of South Carolina under an Act of the South Carolina General Assembly which was approved on May 19, 1947, 45 Stat. at Large, p. 561, providing for service of summons in certain cases on non-resident directors of domestic corporations.

At the time of the attempted substituted service of the summons in this action an identical action between the same parties had been pending for some time in the state court. Service in that action was attempted under the above mentioned Act on the defendants Dorsey and Baldwin, who had resigned as directors of Brandon Cor-

poration a number of months prior to the passage of the Act. The state court, on motion of these same defendants, quashed the summons and dismissed the action as to them on the ground that the Act was not retroactive and had no application to directors who had resigned prior to its effective date. Plaintiff appealed from that order and on May 30, 1949, the Order was affirmed by the South Carolina Supreme Court. Johnson v. Baldwin, S.C., 53 S.E.2d 785.

 It is well established that the federal courts are bound by decisions in the state court of last resort construing the State Constitutions or State Statutes. The decision by the South Carolina Supreme Court construing the foregoing South Carolina Statute is binding upon me, and disposes of plaintiff's attempt to obtain jurisdiction of the non-resident defendants by serving the Secretary of State of South Carolina under the foregoing statute.

It, therefore, follows that the attempted service is void; the motion to quash the service of the summons should be granted and the cause of action against the defendants Summerfield Baldwin, Jr. and G. B. Dorsey as directors and individually, should be dismissed, and

It is so ordered.