**DEERING MILLIKEN RESEARCH CORPORATION, Appellant,**

v.

**TEXTURED FIBRES, INC., Virginia Mills, Inc., and Throwing Corporation of America, Appellees.**

No. 13214.

United States Court of Appeals Fourth Circuit.

Argued June 9, 1969.

Decided Sept. 11, 1969.

See also D.C., 302 F.Supp. 487.

court quashing service of process on Textured Fibres, Inc., Virginia Mills, Inc., and Throwing Corp. for want of personal jurisdiction. We hold that South Carolina's long-arm statute confers jurisdiction over a person who breaches a contract after the effective date of the statute, although the contract was made before that date. Accordingly, we reverse and remand.

In May 1964, Deering Milliken licensed the defendants to use a process it had developed. The licensees agreed to pay Deering Milliken a percentage of the price of all yarn produced by the process. In its complaint, Deering Milliken alleged a series of underpayments from January 1, 1966 through March 31, 1968. It filed suit in the United States District Court for the District of South Carolina alleging diversity of citizenship and obtaining service of process under South Carolina's long-arm statute, S. C. Code Ann. § 10.2–801 to –809 (1966), and Fed. R.Civ.P. 4(e). On a motion to quash service of process under Fed.R.Civ.P. 12(b), the district judge held South Carolina's long-arm statute did not apply to a contract entered into before January 1, 1968.

South Carolina's pertinent statutes are:

> "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

> "(g) entry into a contract to be performed in whole or in part by either party in this State * * *." [1]

> * * * * * *

> "This act shall become effective at 12:01, January 1, 1968. It applies to transactions entered into and events occurring after that date." [2]

The licensees reason that because entry into a contract is necessary to subject a person to the court's jurisdiction,

Kurt Shaffert, New York City (Robert F. Conrad, Washington, D. C., and Thomas A. Evins, and Means, Evins, Browne & Hamilton, Spartanburg, S. C., on the brief), for appellant.

Edward P. Perrin, Spartanburg, S. C. (Perrin & Perrin, Spartanburg, S. C., Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., and Pell & Leviness, New York City, on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

■ Deering Milliken Research Corp. appeals from an order of the district

---

1. S.C.Code Ann. § 10.2–803(1) (g) (1966).

2. S.C.Code Ann. § 10.10–101 (1966). This statute fixes the effective date for the entire South Carolina Uniform Commercial Code, which includes the long-arm statute.

entry must also mark the date for application of the long-arm statute.

However, we do not read the language of the South Carolina law so restrictively. The provisions governing the effective date are not limited to transactions entered into after January 1, 1968. They also embrace "events occurring after that date." Literally, the breach of a contract and the simultaneous accrual of a cause of action are events. And, since a literal construction of "events" is consistent with the intention of the South Carolina legislature to expand the state's jurisdiction, we are not at liberty to deny effect to this part of the statute. Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782 (1879).

■ Here the alleged underpayments were significant breaches of the licensing agreement, and with each a new cause of action accrued. Those underpayments that occurred after January 1, 1968 were, we hold, events sufficient to bring the long-arm statute into effect.

The licensees rely upon Johnson v. Baldwin, 214 S.C. 545, 53 S.E.2d 785 (1949), and related cases, to support their argument that South Carolina does not give retrospective effect to statutes dealing with service of process.[3] But here, in contrast to *Johnson,* the statute applies prospectively, because the breach of contract that caused the action to accrue occurred after the statute's effective date. Sampson Constr. Co. v. Farmers Co-op. Elevator Co., 382 F.2d 645, 649 (10th Cir. 1967); Annot., 19 A.L.R.3d 138, 161 (1968).

■ The licensees also argue that since there has been no proof that the alleged underpayments occurring after January 1, 1968 aggregated $10,000, the jurisdictional amount required by 28 U.S.C. § 1331 is lacking. This argument confuses jurisdiction over the person with jurisdictional amount. Once jurisdiction over the person is obtained, the entire subject matter of the controversy between the parties comes before the court. Therefore, to determine the jurisdictional amount, the total underpayments, those occurring before and after January 1, 1968—here alleged to be $45,000—should be considered.

The licensees asserted a number of other grounds in their motion to quash. Since the district judge believed the long-arm statute was inapplicable, he did not pass on them. Some will require findings of fact. In any event, we believe that all should be decided on remand so that piecemeal litigation on appeal may be avoided.[4]

Reversed and remanded.

---

3. In Johnson v. Baldwin, the court held that a statute providing that a nonresident director of a domestic corporation shall be held to have appointed the Secretary of State as his attorney for service of process could not apply retroactively to sustain jurisdiction over two nonresident directors who had resigned before the effective date of the statute.

4. Among these issues are additional questions posed by service under the long-arm statute: whether the contract was to be performed in whole or in part by either party in South Carolina, within the meaning of S.C.Code Ann. § 10.2–803(1) (g); and whether the defendants have the minimum contacts with South Carolina required by the due process clause of the Fourteenth Amendment, International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the absence of findings of fact necessary for decision of these issues, we express no opinion concerning them.