Carolyn G. **HOWARD**, Plaintiff,

v.

Donald L. **ALLEN**, Defendant.

Civ. A. No. 73-150.

United States District Court,
D. South Carolina,
Columbia Division.

June 7, 1973.

Donald V. Richardson, III, Columbia, S. C., and Horace L. Bomar, Holcombe, Bomar, Cureton & Wynn, Spartanburg, S. C., for defendant.

HEMPHILL, District Judge.

This matter comes before the court upon a motion by defendant Donald L. Allen to quash and set aside service of the Summons, and to dismiss this action for want of personal jurisdiction over Allen. The action arises out of a personal injury sustained by the plaintiff, Carolyn G. Howard when she was allegedly struck by the propeller of an aircraft, piloted by the defendant, while at the downtown airport in Greenville, South Carolina. At the time of the incident, defendant was and at present is a resident of Ohio; plaintiff was and is a resident of South Carolina, the amount in controversy is asserted to be in excess of Ten Thousand ($10,000.00) Dollars. The requisites of diversity jursidiction exist prima facie.[1]

Defendant's motion to quash/dismiss is based on the grounds that:

(1) Defendant has not been properly served with process in accordance with any applicable statute.

(2) The accident complained of occurred on or about February 24, 1967, and the statute purporting to permit substituted service on defendant did not become effective until March 31, 1971, and may properly be applied prospectively only, the statute not being one of which it enacted or intended to be applied retroactively.

(3) Any attempt to apply the 1971 statute retroactively to a 1967 accident violates the defendant's constitutional rights, particularly the due process clause of the Federal Constitution.

(4) Any attempted exercise of personal jurisdiction over defendant, an Ohio resident, in the District of South Carolina is unconstitutional in that defendant did not have the necessary

Richard M. Kennedy, Jr., Columbia, S. C., for plaintiff.

1. 28 U.S.C. § 1332.

minimal contacts to satisfy the requirements of due process under the Federal Constitution.

(5) Personal jurisdiction over defendant may not be predicated on the alleged commission of a single tort in South Carolina in February, 1967, at which time there was no statute which would have made the defendant subject to suit in South Carolina.

Preliminary to a detailed consideration of defendant's grounds, it is appropriate to examine the applicable statutes upon which plaintiff relies for jurisdiction and which defendant contends fall short of conferring jurisdiction. The first of these is Section 10–431.2, S.C. Code Ann. (Supp.1971), which provides:

§ 10–431.2. Service on nonresident operators of aircraft.—Service of process upon the Director of the South Carolina Aeronautics Commission, as agent of the nonresident operator of any aircraft which has set down in South Carolina, shall be made by leaving a copy thereof, with a fee of four dollars, in the hands of the Director or his office and such service shall be sufficient service upon the nonresident if notice of the service and a copy of the process are forthwith ,sent by certified mail by the plaintiff or the Director to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint and other papers in the cause. The Director shall keep a record of all processes which shall show the day and hour of service upon him. When the certified return receipt shall be returned to the Director, he shall deliver it to the plaintiff on request and keep a record showing the date of its receipt by him and its delivery to the plaintiff.

An integral part of this section is § 10–431.3 [2] which establishes the procedures to be followed when a defendant on whom service is sought under § 10–431.2 does not receipt for notice sent by certified mail. In all essential respects, these sections are identical to or correspond so closely as to appear identical in purpose, to §§ 10–431 and 10–431.1,[3] S.

2. Section 10–431.3, S.C.Code 1962 Anno. provides:

When defendant does not receipt for notice sent by certified mail.—If the defendant in any such cause shall fail or refuse to accept and receipt for certified mail containing the notice of service and copy of the process and it shall be returned to the plaintiff or Director, the original envelope as returned shall be retained and the notice and copy of the summons shall be sent by open mail and the envelope and affidavit of mailing with sufficient postage of such open letter shall be filed with the clerk of court in which such action is pending and upon the filing thereof shall have the same force and legal effect as if such process has been personally served upon such defendant.

3. Section 10–431 S.C.Code 1962 Anno. provides:

Service on nonresident motor vehicle drivers and motor carriers.—Service of process upon the Chief Highway Commissioner, as agent of (a) a nonresident driver under the provisions of § 46–104; (b) a resident driver who subsequently becomes a nonresident; (c) a nonresident motor carrier under the provisions of Title 65, chapter 15 (§ 65–1231 et seq.) ; or (d) nonresident unregulated motor carriers engaged in transporting persons, hauling farm or dairy products, hauling any other perishable products or haulers of lumber of logs, shall be made by leaving a copy thereof, with a fee of four dollars, in the hands of the Commissioner or his office and such service shall be sufficient service upon the nonresident if notice of the service and a copy of the process are forthwith sent by certified mail by the plaintiff or the Commissioner to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint and other papers in the cause. The Commissioner shall keep a record of all processes which shall show the day and hour of service upon him. When the certified return receipt shall be returned to the Commissioner, he shall deliver it to the plaintiff on request and keep a record showing the date of its receipt by him and its delivery to the plaintiff.

Section 10–431.1 provides: When defendant does not receipt for notice sent by certified mail.—If the defendant in any such cause shall fail or refuse to accept and receipt for

C.Code Anno. (1971 Supp.) respectively, relating to service of process on nonresident motor vehicle drivers.

The second of these statutes is § 10.-2–801 et seq., South Carolina Code Ann. (1962) (1966 Added Volume), the so-called "Long Arm Statute." Originally enacted as a part of the South Carolina Uniform Commercial Code, which became effective January 1, 1968, these sections were reenacted effective June 2, 1972, in order to cure certain constitutional (South Carolina) infirmities. Specifically, these sections were relegislated to conform with the notice requirement of Section 17 of Article III [4] of the Constitution of South Carolina.

The specific portions of § 10.2–801 et seq. here relied on by the plaintiff to confer personal jurisdiction upon this court specify:

§ 10.2–803. Personal jurisdiction based upon conduct.—(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

\* \* \* \* \* \*

(c) commission of a tortious act in whole or in part in this State;

\* \* \* \* \* \*

§ 10.2–804. Service outside the State.—When the exercise of personal jurisdiction is authorized by this section, service may be made outside the State.

\* \* \* \* \* \*

§ 10.2–806. Manner and proof of service.—(1) When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made:

(a) by personal delivery in the manner prescribed for service within the State;

(b) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

(c) by any form of mail addressed to the person to be served and requiring a signed receipt or

(d) as directed by the court.

(2) Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner prescribed by law of this State, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made pursuant to paragraph (c) of subsection (1) of this section, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.

§ 10.2–807. Individuals eligible to make service.—Service outside this State may be made by an individual permitted to make service of process under the law of this State or under the law of the place in which the service is made or who is designated by a court of this State.

### SERVICE OF PROCESS

From the record it appears that service of process upon defendant was ac-

---

certified mail containing the notice of service and copy of the process and it shall be returned to the plaintiff or the motor vehicle division of the State Highway Department, the original envelope as returned shall be retained and the notice and copy of the summons shall be sent by open mail and the envelope and affidavit of mailing with sufficient postage of such open letter shall be filed with the clerk of court in which such action is pending and upon the filing thereof

shall have the same force and legal effect as if such process has been personally served upon such defendant.

4. Article III, Section 17, South Carolina Constitution (1895) provides:

One subject.—Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title.

complished by proceeding under both of the aforementioned statutes, that is: (1) by service upon the Director of the South Carolina Aeronautics Commission with attempted notice to the defendant by certified mail as provided by § 10-431.2,[5] and failing in an attempt to obtain a receipt for the certified mail by properly complying with the alternative procedure of § 10-431.3 of using regular mail to accomplish service; and (2) by personal service of a summons upon the defendant in Ohio by a United States Marshal (only after the expenditure of considerable effort and numerous attempts) on April 23, 1973, thereby complying with §§ 10.2-806, 807 of the Code of Laws of South Carolina. The defendant's first ground is thereby without merit.

## RETROACTIVE APPLICATION OF STATUTES

■ The basic question before the court is whether or not the two statutes relied on by plaintiff to confer jurisdiction upon this court may be applied retroactively. It is conceded by plaintiff that neither of the statutes in question was in effect at the time of the accident. Because of clear distinctions between the two statutes it is deemed advisable by the court to consider them separately. A general rule of construction concededly applicable to both statutes however, is that in general statutes are to be construed as acting prospectively unless there is a specific provision or clear legislative intent to the contrary.

(a) § 10-431.2 *Service on nonresident operators of aircraft.*

■ As previously noted, this statute is very similar to § 10-431 providing for service on nonresident motor vehicle operators. Of particular importance in this regard is that, in both instances,

the statutes provide for service upon a state official; in the case of § 10-431.2 the Director of the South Carolina Aeronautics Commission, "as agent of the nonresident operator." It is this "fiction of implied consent" which sets this type of statute apart and which, in part at least, led the South Carolina Supreme Court to hold in the case of Johnson v. Baldwin, 214 S.C. 545, 53 S.E.2d 785 (1949), that a statute containing provisions for substituted service upon the Secretary of State, in order to confer jurisdiction over nonresident directors of domestic corporations, could not have retrospective application. In support of its holding the court noted that:

[a] similar view has uniformly been taken of statutes providing for substituted service upon nonresidents in tort actions growing out of the operation of motor vehicles on the public highway. *The courts have uniformly declined to give the statute retroactive effect.* 53 S.E.2d at 788 [citations omitted].

As was observed in the annotation at 19 A.L.R.3d 138, 142,

[T]his rule rests on the view that neither as a matter of statutory construction nor as a matter of constitutional law is it possible to imply consent retroactively.

From the above, it is clear that § 10-431.2 may not be given retroactive effect. It therefore follows that any service of process upon the defendant under the provisions of such section is invalid.

(b) § 10.2-801 et seq. *Personal jurisdiction based on conduct.*

Defendant contends that as § 10.2-803 did not become effective until January 1, 1968, and the accident occurred on February 24, 1967, service upon the defendant based upon the commission of a single tortious act under § 10.2-

5. Affidavits submitted by the Director, South Carolina Aeronautics Commission and his secretary indicate that at least four (4) attempts at service upon defendant by certified mail were made unsuccessfully at various addresses, both residential and business, and that one of the envelopes sent to a business address had been opened by an unknown person and then returned marked "No longer here—Return to Sender."

803(1)(c) is ineffective as the statute may not be applied retrospectively. While as noted above, an "Implied Consent" type of statute such as 10–431.2 may not be applied retrospectively, a procedural or jurisdictional statute such as § 10.2–801 et seq. does not suffer from the same infirmity.

As was noted in 62 Am.Jur.2d, Process § 80:

> With respect to the question whether a long-arm statute is applicable even though the act or transaction on which jurisdiction is predicated occurred prior to its effective date, *a distinction has been made between statutes which provide by their terms merely that the acts or transactions specified therein shall be the basis of the jurisdiction* of local courts over, or extraterritorial service on, nonresidents, *and those enactments, often called "implied consent" statutes,* which by their terms provide that such acts or transactions are deemed to be the consent of the nonresident to the appointment of a local officer as agent for the purpose of service of process. *The general rule that in the absence of a statutory provision to the contrary, statutes pertaining to procedure operate retrospectively, has been applied to the kind of long-arm statutes first described. Under this view the retroactive application of such a statute is not precluded by the fact that the act or transaction upon which jurisdiction is predicated occurred prior to the effective date of the statute.* On the other hand, "implied consent" statutes have generally been held not to operate retroactively so as to extend to acts or transactions occurring prior to the effective date of the statute. [Emphasis added].

Thus, while a principal rule of statutory construction is that statutes are to be construed to operate prospectively unless there is clear legislative intent to the contrary, a principal exception to this rule is that remedial or procedural statutes are generally held to operate retro-spectively. (See Annot., 19 A.L.R.3d 138, 141). In fact, as is noted in 50 Am.Jur., Statutes § 482, statutes relating to remedies or modes of procedure do not come within the legal conception of a retrospective law as long as they do not create new rights or take away vested rights. Further authority is found at 82 C.J.S. Statutes § 421 where it is stated:

> While it may be said that statutes relating to remedies or procedure may be given a retroactive operation, a statement of the rule prehaps more accurate is that statutes merely affecting the remedy or law of procedure apply to actions begun after their passage, whether the right of action accrued before or after the change in the law, at least in the absence of a constitutional or statutory provision to the contrary.

It is clear in the present case that the plaintiff's cause of action arose prior to the enactment of § 10.2–803(1)(c) of the South Carolina Code of Laws. It is equally clear that but for her inability to obtain service of process upon the defendant in this state, plaintiff had a remedy at law at that time. We are thus *not faced* with a statute which by its passage created a *new remedy*, but by a statute which merely makes procedurally possible the plaintiff's exercise of her existing rights in the forums of her home state, where the tort occurred, and where undoubtedly the vast majority of the witnesses to the incident may be found. A case very much on point here is the case of Walke v. Dallas, Inc., 161 S.E.2d 722, 209 Va. 32 (1968). In *Walke*, the plaintiff was injured while unloading a freight car improperly loaded by a nonresident defendant. The cause of action arose some eight months prior to the effective date of the Virginia long arm statute but the action was not instituted until over a year after the effective date of the statute. The excerpts from the Virginia long arm statute, as cited in the opinion, appear identical to the pertinent portions of the South Carolina statute, although there is

no legislative history from which the court can determine if they were in fact the model followed. The reasoning of the court in *Walke* appears clearly applicable here. The court there stated:

> The Virginia long arm statutes are remedial only and do not disturb vested rights or create new obligations; they merely supply a remedy to enforce an existing right. The cause of action here asserted was in being when the statutes were adopted and their only purpose and effect were to give to the courts of this Commonwealth jurisdiction to hear and decide a cause of action of the kind described in the statutes against a nonresident defendant.

> \* \* \* \* \* \*

> We hold that the Virginia long arm statutes, contained in the Code sections referred to, are applicable to causes of action described in § 8–81.2 which arose before as well as those which arise after the enactment of the statute. Id. at 724, 725; *see also* Hoen v. District Court of County of Arapahoe, 159 Colo. 451, 412 P.2d 428, 19 A.L.R.3d 131 (1966)

■ As the court has been unable to find any South Carolina case construing § 10.2–801 et seq. as to whether it may be applied retrospectively, the court must apply South Carolina law as it thinks the South Carolina Supreme Court would declare it if that court were presented with identical facts and issues. Smith v. Regina Manufacturing Corp., 396 F.2d 826, 828 (4 Cir. 1968). It is the opinion of this court that if faced with a similar case, the South Carolina Supreme Court would follow the clear weight of authority permitting retroactive application of long arm statutes of this type (not implied consent statutes) to cases in which the complaint is *filed after* the effective date of the statute, though the tortious act *occurred before* the effective date.

### Constitutionality of Long Arm Statutes

■ Having concluded that personal jurisdiction over defendant was obtained by personal service upon the defendant in Ohio under § 10.2–801 et seq., the court must next consider whether the exercise of personal jurisdiction over the defendant, an Ohio resident, in the District of South Carolina is constitutional. Defendant asserts that he did not have sufficient minimal contacts to satisfy the requirements of due process under the Federal Constitution. The United States Supreme Court in International Shoe Co. v. State of Washington, 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) clearly established that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S. at .316, 66 S.Ct. at 158. As was observed by Judge Wyche in Shealy v. Challenger Manufacturing Co., 198 F.Supp. 151 (D.S.C. 1961), aff'd 304 F.2d 102 (4 Cir. 1962).

> There is no general standard as to what constitutes "sufficient contacts" with the forum and the material factor is the quality and the nature of the corporate activity rather than mere quantity. *Id.* at 153.

Subsequently, the Fourth Circuit Court of Appeals, in Southern Machinery Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6 Cir. 1968) laid down three criteria for determining the present outer limits of *in personam* jurisdiction based on a single act. These were stated to be:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* at 381

While the above cases clearly relate to corporate defendants, the "minimum

contacts" test has been held applicable to individuals as well as corporations. See 62 Am.Jur.2d Process § 79 and cases cited therein. An examination of the record in this case clearly establishes that defendant meets all elements of this test in that: (1) he purposefully availed himself of the privilege of acting in the forum state *and* caused a consequence there in that he made use of the Greenville, South Carolina, downtown airport and the propeller of his airplane allegedly injured the plaintiff there; (2) the present cause of action clearly arises from the defendant's activities in that he allegedly was at the controls of the aircraft when the injury occurred; and (3) the interest of the State of South Carolina in providing a forum to one of its citizens, allegedly injured by the defendant in this state, and the fact that the majority of the witnesses are most likely from this state, certainly make the exercise of jurisdiction over the defendant reasonable.

## CONCLUSIONS

In view of the foregoing, this court holds that:

(1) Service of process under § 10–431.2 of the South Carolina Code of Laws was ineffective in that said statute may not be given retroactive effect.

(2) Service of process under § 10.2–801 et seq. of the Code of Laws of South Carolina was effective to confer jurisdiction upon this court in that said statute, being procedural in nature and neither creating new rights nor destroying vested rights, may be retroactively applied to causes of action arising before its effective date where the suit was brought after its effective date.

(3) Exercise of personal jurisdiction under § 10.2–801 et seq. of the Code of Laws of South Carolina does not, under the facts of this case, violate the due process principles of the Federal Constitution.

The defendant's motion to quash and set aside service of summons and to dismiss this action is denied.

And it is so ordered.