**Allen B. EDWARDS and Carol M. Edwards, Plaintiffs,**

**v.**

**Albert AINSWORTH and Lydia Ainsworth, Defendants.**

**Civ. No. 74–16–1.**

United States District Court,
S. D. Iowa,
Central Division.

June 5, 1974.

Marvin E. Duckworth, Hopkins, Bump & Huebner, Des Moines, Iowa, for plaintiffs.

Brent B. Green and John G. Fletcher, Des Moines, Iowa, for defendants.

## ORDER

STUART, District Judge.

Defendants have filed with the Court a motion to dismiss or in the alternative to quash the return of service of summons. The motion was filed on April 4, 1974, and the plaintiffs filed a resistance on May 1, 1974, after an extension of time was granted.

The Court has considered the motion and the briefs in support of the respective positions of the parties, and is of the opinion that the motion should be granted.

This lawsuit is the outgrowth of an oral contract for the sale of land in Iowa, which was later reduced to writing. The written contract was executed on January 14, 1971. At the time of the execution of the contract, plaintiffs were residents of the State of Minnesota; defendants were and are now residents of Michigan. Subsequent to the execution of the contract, plaintiffs moved to the Northern District of Iowa. The land in question is located in the Southern District of Iowa.

Plaintiffs have attempted to utilize Section 617.3, Code of Iowa, 1973, in bringing defendants within the jurisdiction of this Court. That chapter provides in part that:

* * * If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa * * *

such act[s] shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person * * *. The term 'resident of Iowa' shall include * * * any individual residing in Iowa * * *.

The Court is of the opinion that plaintiff's attempt to bring the defendants under the jurisdiction of this Court via Section 617.3 is fatally defective and the motion to quash the return of service of summons is granted.

After a careful reading of the statute the Court is convinced that plaintiffs do not qualify as "residents of Iowa" in order to utilize Section 617.3. The Court is under the further opinion that this statute requires that a plaintiff be a resident of Iowa at the time the contract was made or executed. See, Schnebly v. St. Joseph Mercy Hospital of Dubuque (Iowa 1969), 166 N.W.2d 780, 784. The documents in this case clearly indicate that plaintiffs' residence was in Minnesota at the time of the execution of the contract in question, and that they did not become residents of this state (Northern District) until sometime prior to the commencement of this lawsuit.

In this respect, the Court does not agree with plaintiffs' contention that the holding in Sporcam v. Greenman Bros., Inc. (D.C.Iowa 1972), 340 F.Supp. 1168, establishes that residency at the time of the lawsuit, rather than at the time of the contract is controlling as to operation of Section 617.3. *Sporcam* involved different issues than are now present here, and plaintiff in that case was both at the time of the contract's making and at the time of the lawsuit a "resident of Iowa".

The general rule prevails that it is the burden of the plaintiff to establish jurisdiction, but after a prima facie showing, the burden passes to the defendant. Sporcam, Inc. v. Greenman Bros., Inc., supra, at page 1175; Rath Packing Co. v. Intercontinental Meat Traders, Inc. (Iowa 1970), 181 N.W.2d

184, 185. Plaintiffs have carried their initial burden by establishing a contract was entered into by the two parties to be performed in whole or in part in Iowa. However, defendants' showing that plaintiffs are not proper persons within the definitions of Section 617.3, overcomes plaintiffs' prima facie case. The fact that plaintiffs cannot seek to assert the "long-arm" attributes of this statute destroys any jurisdictional claim over the defendants.

It is hereby ordered, that the motion of the defendants, Albert Ainsworth and Lydia Ainsworth, to quash the return of service of summons is granted.