SOUTHERN IOWA MANUFACTURING CO., an Iowa Corporation, Plaintiff,

v.

WHITTAKER CORPORATION, d/b/a Whittaker Metals, a division of Whittaker Corporation, a California Corporation, Defendant.

WHITTAKER CORPORATION, d/b/a Whittaker Metals, a division of Whittaker Corporation, a California Corporation, Third-Party Plaintiff,

v.

TRIEM STEEL & PROCESSING CO. and Chicago Steel & Pickling Co., Third-Party Defendants.

Civ. No. 74-292-2.

United States District Court, S. D. Iowa, C. D.

Nov. 24, 1975.

10.   373 F.Supp. 791, 795 (D.S.C.1974).

E. Ralph Walker, of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for plaintiff.

Jerry E. Williams, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, Iowa, Walter Shapero, Southfield, Mich., for defendant and third-party plaintiff, Whittaker Corporation, d/b/a Whittaker Metals, a Division of Whittaker Corporation, a California corporation.

Dwight W. James, Addison M. Parker, of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa for third-party defendant Triem Steel & Processing Co.

B. A. Webster of Gamble, Riepe, Burt, Webster & Fletcher, Des Moines, Iowa, Katten, Muchin, Gitles, Zavis, Pearl & Galler, Chicago, Ill., for third-party defendant Chicago Steel & Pickling Co.

## ORDER

HANSON, Chief Judge.

The Court addresses this Order to a motion to dismiss on personal jurisdiction grounds, filed on September 2, 1975 by third-party defendant Chicago Steel & Pickling Co. (Chicago Steel).

This cause of action was commenced against the Whittaker Corporation (Whittaker) by Southern Iowa Manufacturing Co. (SIMCO) on November 15, 1974. SIMCO asserts both contract and tort theories against the defendant, based upon the purchase of certain steel which was ordered by the plaintiff in 1974, and allegedly supplied by Whittaker in an inadequate or defective condition.

Whittaker is a California corporation maintaining a place of business in Broadview, Illinois. SIMCO's contacts with Whittaker were in relation to its Illinois plant. On February 4, 1975, Whittaker filed a "motion to quash service of process and dismiss," asserting, *inter alia*, a lack of the minimum contacts with Iowa needed to establish this Court's personal jurisdiction over Whittaker.

In an Order filed on May 8, 1975, Whittaker's motion was overruled. This Court ruled that SIMCO had sufficiently alleged the commission of a tort "in whole or in part" in Iowa, in satisfaction of the Iowa long-arm statute, § 617.3, Code of Iowa (1975). Further, the Court ruled that Whittaker's contacts with Iowa were adequate to satisfy the Due Process Clause. As stated in the Order, "Whittaker entered into a

transaction having an impact on the commerce of Iowa and could reasonably have anticipated that its acts would have consequences in Iowa." Order of May 8, 1975, at 5.

Within a month of this Court's ruling on its motion to dismiss, Whittaker answered plaintiff's complaint. Shortly thereafter, Whittaker, as a third-party plaintiff, filed a third-party complaint against Triem Steel & Processing Co. (Triem) and Chicago Steel & Pickling Co. (Chicago Steel). In said complaint, Whittaker asserts that all of the steel ordered from it by SIMCO was delivered by Whittaker to Triem and Chicago Steel for processing. The complaint asserts that "if said steel was deficient or defective or put in an unreasonably dangerous condition in any of the respects alleged (by SIMCO), said defects, deficiencies or unreasonably dangerous condition were caused by acts of (Triem and Chicago Steel) in processing said steel."

The impleading of Chicago Steel has precipitated the pending motion to dismiss.[1] Chicago Steel seeks to dismiss the third-party complaint against it on two primary grounds: (1) that Whittaker, being a non-resident of Iowa, is ineligible to use the Iowa long-arm statute to implead Chicago Steel, and (2) that Chicago Steel lacks the minimum contacts with Iowa necessary to satisfy the Due Process Clause. The Court will address the constitutional argument first.

### I.

Chicago Steel premises its minimum contacts argument on the assertion that the Court cannot look beyond its contacts with Whittaker to find an Iowa nexus. The Court rejects this contention, and deems that the proper inquiry must consider Chicago Steel's Iowa contacts in terms of the pending cause of action, i. e., Chicago Steel's contacts with SIMCO, as well

as with Whittaker. Indeed, Whittaker has impleaded Chicago Steel, asserting that if found liable to SIMCO on the main cause of action, Chicago Steel is liable to it. For purposes of this motion, a full picture of Chicago Steel's involvement (both as to SIMCO and Whittaker) is justified.

As explained in the filed affidavit of K. Rajkumar, general manager of Chicago Steel, Whittaker's Illinois plant sold certain coils of steel to SIMCO, and delivered them by truck to Chicago Steel for processing. Chicago Steel had no contractual relationship with Whittaker, "all arrangements with respect (to the steel) having been made between Chicago Steel and Simco." Once it had received the steel, "Chicago Steel was unable to perform all that was required of it pursuant to Simco's purchase orders," and thus arranged for Feralloy, its next door neighbor, to complete the job. This being done, Feralloy shipped the steel to SIMCO. *Rajkumar Affidavit, filed as Exhibit A to Chicago Steel's Motion to Dismiss.*

From this factual picture, it is apparent that Chicago Steel, at least to some extent, "entered into a transaction having an impact on the commerce of Iowa and could reasonably have anticipated that its acts would have consequences in Iowa." *Cf.* Order of May 8, 1975, overruling Whittaker's Motion to Dismiss. It is true, as asserted by Chicago Steel, that its overall business contacts with Iowa are much less significant than Whittaker's. In terms of the pending cause of action, however, Chicago Steel did more than simply accommodate an in-state steel supplier. As Mr. Rajkumar noted, Chicago Steel had direct dealings with SIMCO regarding the steel's processing. While the degree of Chicago Steel's involvement as far as the actual processing work is concerned may be slight, the company's degree of participation is a

---

1. Triem filed an answer to the third-party complaint on August 14, 1975, and does not join in the pending motion.

matter going to the merits of the lawsuit, rather than the motion to dismiss.

The Court is confident that had SIMCO chosen to sue Chicago Steel directly as a defendant, it could have done so pursuant to § 617.3. This being true, no substantial problems of fairness or an inconvenient forum are raised by Whittaker's decision to implead Chicago Steel as a third-party defendant. Given Chicago Steel's contacts with SIMCO and participation in the processing of the product which lies at the heart of this lawsuit, the Court concludes that the legal authorities cited in its May 8, 1975 Order are pertinent to the minimum contacts issue here, and that the same result must follow. Chicago Steel has sufficient minimum contacts with SIMCO and Iowa to be impleaded by Whittaker.

## II.

■ Chicago Steel further urges that even if the requisite minimum contacts exist, service of process cannot be effectuated because Whittaker is not a "resident" of Iowa.

Section 617.3 of the Iowa Code reads, in part as follows:

> If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort.

By its literal terms, § 617.3 does not require that Whittaker be an Iowa resident to utilize its provisions in a third-party context. Specifically, Chicago Steel is alleged by Whittaker to have committed "a tort in whole or in part in Iowa against a resident of Iowa"— the resident being SIMCO, the plaintiff herein. In the case of *Edmundson v. Miley Trailer Co.*, 211 N.W.2d 269 (Iowa 1973), the Iowa Supreme Court noted that § 617.3 was "by its terms made available to 'any resident of Iowa'." *Id.* at 270. A similar ruling was made by Judge Stuart in *Edwards v. Ainsworth*, 377 F.Supp. 200 (S.D.Iowa 1974). Chicago Steel relies on these decisions as holding that Whittaker cannot invoke § 617.3, since it undeniably is not a resident of Iowa.

It is the Court's conclusion that § 617.3 can be utilized by Whittaker in this case without doing violence to either *Edmundson* and *Edwards*, or the Iowa law. While the Court has been unable to find any reported decisions construing § 617.3 in a third-party context, the language of the statute itself supports its use by Whittaker. The crucial hurdle in terms of *Edmundson* and *Edwards* is that SIMCO was a resident of Iowa at the time the alleged tort was committed. This was clearly the case. With this requirement satisfied, Chicago Steel's activities affecting SIMCO amounted to "implied consent" to the appointment of the Secretary of State as agent for service of process under the Iowa long-arm statute. *Krueger v. Rheem Manufacturing Co.*, 260 Iowa 678, 149 N.W.2d 142 (1967). Given the amenability of Chicago Steel to suit by the Iowa resident plaintiff, the Court can see no reason to restrict Whittaker's ability (as a non-resident defendant and third-party plaintiff) to serve Chicago Steel for impleader purposes. Indeed, the statute itself provides that once the appropriate contacts with an Iowa resident occur, the Secretary of State is appointed for "all lawful process or original notice in actions or pro-

ceedings *arising from or growing out of such contract or tort.*" § 617.3, Code of Iowa (1975) (emphasis added), Whittaker's third-party complaint is clearly an action or proceeding arising out of Chicago Steel's dealings with SIMCO, as well as its own dealings with SIMCO. As the Eighth Circuit Court of Appeals has noted, Iowa's long-arm statute is to be applied "liberally . . . in actions involving foreign corporations." *Caesar's World, Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1179 (8th Cir. 1974).

At the very least it must be conceded that neither § 617.3 nor the applicable Iowa cases expressly prohibit the type of third-party service utilized herein. To construe § 617.3 in the manner requested by Chicago Steel would needlessly restrict the statute's remedial nature. Because the *Edmundson-Edwards* construction of the law is satisfied by SIMCO's residency, and in light of an absence of clear statutory language requiring a third-party plaintiff to also be an Iowa resident, the Court holds that § 617.3 was available to allow service on Chicago Steel by Whittaker.[2]

*Accordingly,*

It is hereby ordered that Chicago Steel's motion to dismiss the third-party complaint is overruled.

---

2. In light of its ruling that § 617.3 is available to Whittaker, the Court need not discuss in detail the effect of recent changes in Iowa's service of process statutes. *See* Iowa Rules of Civil Procedure 56.1(n) and 56.2, effective July 1, 1975. the effect of these new rules appears to be an expansion of out-of-state service in Iowa cases to the limits imposed by the Due Process Clause of the Fourteenth Amendment. Given the breadth of the new provisions, it appears that Whittaker could effectively serve process on Chicago Steel today, even if § 617.3 is deemed to be available only to resident third-party plaintiffs. *See generally Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W. 2d 292 (Minn.1969) ; Comment, *State Jurisdiction—Long-Arm Statute Requires Affirmative Acts of Negligence Occurring After the Statute Took Effect.* 54 Iowa Law Review 166 (1968).