**MAHASKA BOTTLING COMPANY, Plaintiff,**

v.

**SOUTHDOWN SUGARS, INC., Defendant.**

Civ. No. 78–242–1.

United States District Court, S. D. Iowa, C. D.

Sept. 21, 1978.

James Q. Blomgren and Robert K. Clements, Williams, Clements & Blomgren, Oskaloosa, Iowa, for plaintiff.

Stephen J. Holtman, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, Iowa, for defendant.

## ORDER

STUART, Chief Judge.

The matter before the Court concerns defendant's motion to dismiss or, in the alternative, to quash service of process filed on August 21, 1978. Defendant contends that plaintiff's service of process upon the defendant was not in accord with § 617.3 of the 1977 Iowa Code and that, therefore, plaintiff's service of process pursuant to Rule 56.2 of the Iowa Rules of Civil Procedure was insufficient.

It is alleged that the defendant retained and willfully and maliciously converted partial proceeds of a draft from the plaintiff. Defendant, a Delaware Corporation, whose principal place of business is in Louisiana, was served by delivering a copy of the Original Notice and Petition to the Corporation Trust Company in Wilmington, Delaware. It is defendant's position that § 617.3 of the 1977 Code of Iowa requires filing of the process with the Iowa Secretary of State.

Although § 617.3 states that service may be made on the Secretary of the State of Iowa for corporations that do not have registered agents in the State of Iowa, Rule 56.2 of the Iowa Rules of Civil Procedure provides an alternate method of service. It states that service of process may be had on a corporation that has the necessary minimum contact with the State of Iowa, as provided in Rule 56.1, within or without the state. Defendant does not allege it has not maintained the minimum contacts necessary for the Iowa courts to invoke jurisdiction. Rule 56.1(f) of the Iowa Rules of Civil Procedure allows personal service to be made upon a foreign corporation by serving "any agent or person now authorized by appointment or by law to receive service of original notice . . . .".

Rule 56.2 of the Iowa Rules of Civil Procedure does not repeal § 617.3 of the 1977 Code of Iowa; the rule merely expands out-of-state service. *Southern Iowa Manufacturing Co. v. Whittaker Corp.*, 404 F.Supp. 630, 634, n.2 (S.D.Iowa 1975). The alternate method of service provided by Rule 56.2 of the Iowa Rules of Civil Procedure does not require entry of a court order allowing such service. In this case, service was made upon the registered agent for Southdown Sugars Incorporated. Plaintiff has complied with Rule 56.2 of the Iowa Rules of Civil Procedure which provides for service upon a foreign corporation outside the State of Iowa.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is hereby denied.

IT IS FURTHER ORDERED that defendant's motion to quash plaintiff's service of process is hereby denied.